IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**Kraig Valedez,**

**Plaintiff,**

**v.**

**Bard, Inc., a foreign corporation**

**Defendant.**

**Case No.**

**COMPLAINT**

COMES NOW the Plaintiff, Kraig Valedez, for his causes of action against the Defendant, Bard, Inc., (hereinafter Bard) a foreign corporation hereby alleges and states the following:

**PARTIES AND JURISDICTION**

1. That the Defendant is a foreign corporation with its principal place of business in a state other than the State of Oklahoma and incorporated in a state other than the State of Oklahoma. That Defendant Bard Inc.'s products have been placed into the stream of commerce in Oklahoma in particular, thereby subjecting the Defendant to this Court's jurisdiction. The incident in question occurred in the Western District of Oklahoma.

2. That the incident(s) giving rise to this litigation for Plaintiff's causes of action against the Defendant occurred as a result of a discovery on or about September 22, 2006, of a defect in the Kugal Mesh, a Bard device that was designed, manufactured, and/or placed in the stream of commerce by the Defendant; and that was eventually surgically implanted into the Plaintiff.

3. That the Plaintiff alleges injuries and damages in excess of Seventy-Five Thousand Dollars, ($75,000.00) exclusive of costs and interest. This Court has jurisdiction and venue over these Causes of Action and the Parties.

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**

Plaintiff for his First Cause of Action re-alleges and restates the above allegations and further alleges and states:

4. That the subject product (Kugal Mesh) and all of its component parts manufactured and distributed by the Defendant, had to be surgically removed due to the defects that existed within the subject product. Plaintiff's injuries and damages were the result of Defendant defectively designing and/or manufacturing an unreasonably dangerous product.

5. That the product was defective at the time it left the Defendant's possession and control making it unreasonably dangerous to the ordinary consumer.

6. That Plaintiff had a surgical procedure involving a Bard Kugal Mesh product, performed by doctors at Oklahoma University Presbyterian Medical Center in Oklahoma City, OK. Thereafter, due to the defects in the product the Plaintiff experienced severe pain and injury due to no act or fault of his own. The Plaintiff, as a direct result of the defective product, has realized and/or will realize financial losses; loss of enjoyment of life; medical expenses; permanent disfigurement; physical pain, physical suffering, and mental pain and anguish; all to Plaintiff's damage in a sum in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of cost and interest.

7. That the Defendant knew or should have known that the Bard Kugal Mesh would fail under normal, foreseeable use and conditions. Furthermore, the Defendant Bard was aware of prior complaints that its products were failing and defective when used for thier intended purpose. However, in spite of this knowledge, Bard continued to market and sell the Kugal Mesh for use by the medical profession and the eventual implantation into patients, including the Plaintiff, Kraig Valadez. Therefore, the Plaintiff demands punitive damages

against the Defendant, Bard, in an amount not less than Seventy-Five Thousand ($75,000.00), to punish the Defendant and to deter like conduct in the future by the Defendant and others.

WHEREFORE, the Plaintiff prays and demands judgment in favor of the Plaintiff and against the Defendant, for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with punitive damages in an amount of not less than Seventy-Five Thousand Dollars ($75,000.000), exclusive of lawful costs and interest and any and all further relief this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**DEFECTIVE WARNING**

For his Second Cause of Action, Plaintiff re-alleges and/or restates, all matters set for the above and further alleges and states:

8. That the Defendant did not provide adequate warnings and instructions to the Plaintiff's physician and/or Plaintiff himself regarding any defects or dangerous characteristics in the subject product and/or any part thereof.

9. That the Defendant, Bard, as manufacturer had the responsibility to foresee the normal and expected uses of its product, its environment of use and methods of installation and potential dangers, to warn Plaintiff's physician and/or Plaintiff of the dangers of its product. That the Defendant Bard breached that duty by failing to provide adequate warnings and instructions to the Plaintiff and/or Plaintiff's physician. Plaintiff relied upon the Defendant to provide a suitable product and to detect and warn of any dangers associated with Defendant's product. As a direct result of the inadequate warnings/instructions, Plaintiff realized in whole and/or in part the damages as alleged above.

WHEREFORE, the Plaintiff in his second cause of action for defective warning prays and demands judgment in favor of plaintiff and against the Defendant in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), actual damages, exclusive of lawful interest

and costs, together with the awarding of lawful costs and interest and any and all other relief this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**IMPLIED WARRANTY**

For his Third Cause of Action, Plaintiff re-alleges and/or restates, all matters set forth above and further alleges and states:

10. That the Defendant is the manufacturer, seller, and/or distributor of the subject product in this case. That the product is warranted by the Defendant pursuant to UCC §2-314; an implied warranty of merchantability and fitness of purpose, accompanied the subject product when it was sold and distributed by the Defendant. The subject product's quality failed in light of the Plaintiff's expectations and the product's performance levels.

11. That the Defendant held its product out to the public as being fit for a particular purpose, which it was not fit for the foreseeable and intended medical purpose of repairing a hernia.

12. Therefore, the Defendant has breached the implied warranty of merchantability by placing a defective product into the stream of commerce in Oklahoma, which was not suitable for its intended purpose to the Plaintiff. As a result, of the subject breach, the Plaintiff has realized in whole and/or in part the damages as stated above.

WHEREFORE, the Plaintiff in his Third Cause of Action for breach of implied prays and demands judgment in favor of Plaintiff and against the Defendant, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), actual damages, exclusive of lawful interest, costs, and attorney's fees, together with the awarding of lawful costs, interest and applicable attorney fees and any and all other relief this Court deems just and proper.

Respectfully submitted,

Thomas J. Steece, OBA# 11531
OKLAHOMA LEGAL SERVICES, P. L. L. C.
6303 N. Portland Ave. Suite 300
Oklahoma City, OK 73112
Telephone: (405) 943-8300
Facsimile: (405) 942-2661
tsteece@coxinet.net
and

Lambert D. Dunn Jr. OBA # 20682
Lambert D. Dunn PLLC
6303 N. Portland, Suite 300
Oklahoma City, OK 73112
Telephone: (405) 609-6601
Facsimile: (405) 942-2661
bert_dunn@hotmail.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**